

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
XXXXXXXXXXSON
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable T. M. Trimble
First Assistant State Superintendent
Austin, Texas

Dear Sir:

Opinion No. O-1129
Re: Transfer of scholastics

We are in receipt of your letter of July 13, 1939, in which you request the opinion of this department upon the following questions:

"Question 1. If a county superintendent performs a mandatory function as directed by the statutes, how can this mandatory act of the county superintendent be reviewed by the county board of trustees?

"Question 2. If, in your findings, you conclude that the mandatory act of transferring pupils by the county superintendent cannot be reviewed by the county board of trustees, will the sole power to transfer scholastics from one district to another rest with the parent or guardian of the student applying for transfer?"

Article 2696, R. C. S., 1925, provides in part as follows:

". . . provided that any district or independent district being dissatisfied with any transfer made by the County Superintendent may appeal from such action to the County Board of Trustees of said county who shall have the right to annul and cancel the transfer allowed by the County Superintendent."

Whether a transfer shall be made from one district to another is primarily of interest to the parents of the child sought to be transferred and the two affected school districts. No provision is made for an appeal by a parent who is dissatisfied with the action of the County Superintendent and none is necessary since the transfer will be made if the application is properly and duly filed. If, however, an interested school district is dissatisfied with the transfer, it is expressly given the right to appeal to the County School Board, which is vested

with the general management and control of school affairs in the county, and upon such appeal being perfected the County Board then may properly inquire into the question of whether such transfer should be set aside in the interest of the proper administration of the school, subject to any statutory limitation. Although no detailed procedure is set out for perfecting such an appeal, we do not think this would be sufficient to defeat the right of a school district to make application and appear before the Board for a determination of the issues presented. If the school districts are not dissatisfied with a transfer made within the statutory limitation, no appeal will be presented, and the ministerial action of the County Superintendent will effectuate the desires of the parent. In short, the statute merely makes the County Board of School Trustees the tribunal before which disputed transfers will be heard and determined and not the County Superintendent.

In answer to your first question, it is our opinion that the action of the County Superintendent in performing his ministerial duty in entering a transfer of a scholastic may be reviewed by the County Board of Trustees upon proper application to such Board by an interested school district.

Having determined that the action of the County Superintendent in transferring pupils can be reviewed by the County Board of Trustees, your second question does not require an answer.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Cecil C. Cammack
Cecil C. Cammack
Assistant

CCC:mr:wc

APPROVED JULY 24, 1939
s/W. F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By TDR Chairman